**DECLUES, BURKETT & THOMPSON, APC**
**Attorneys at Law**
Jeffrey P. Thompson (SBN 136713)
Jennifer K. Berneking (SBN 167172)
Fernando A. Vicente (SBN 225362)
17011 Beach Blvd., Ste. 400
Huntington Beach, CA 92647-7455
Phone: (714) 843-9444
Fax: (714) 843-9452
email address:  jthompson@dbtlaw.com

Attorneys for Defendants CITY OF IMPERIAL (public entity) and
MIGUEL COLON (employee of a public entity)

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE HERNANDEZ, an individual<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>THE CITY OF IMPERIAL, a municipal corporation; MIGUEL COLON, an individual; and DOES 1 through 50, inclusive<br><br>　　　　Defendant. | CASE NO.: 16-cv-0645-W-KSC<br><br>*Complaint Filed: March 15, 2016*<br>*Judge Thomas J. Whelan*<br>*Courtroom 3C*<br><br>**ANSWER OF DEFENDANTS CITY OF IMPERIAL AND MIGUEL COLON TO FIRST AMENDED COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

Defendants CITY OF IMPERIAL and MIGUEL COLON ("Defendant(s)"), hereby answer the First Amended Complaint ("Complaint") of Plaintiff JORGE HERNANDEZ ("Plaintiff") as follows:

The specific denials and affirmative defenses were prepared at the outset of the litigation, before discovery and investigation have commenced and been completed. They are filed with the court to protect Defendants' legal rights, because failure to assert them would have resulted in a waiver thereof. Because investigation and discovery in this matter have recently commenced and are not yet completed, Defendants still do not have sufficient information to admit or deny all the allegations of the Complaint, and therefore

Defendants reserves the right to supplement this Answer. Therefore, Defendants' answer is based on the knowledge and information available to them at this time, as follows:

1. In response to paragraph 1, defendants admit the allegations therein.
2. In response to paragraph 2, defendants admit the allegations therein.
3. In response to paragraph 3, defendants admit the allegations therein.
4. In response to paragraph 4, defendants admit the allegations therein except that Colon was delegated final policy making authority, and that Colon acted in the course and scope of his employment, which are denied.
5. In response to paragraph 5, defendants admit the allegations therein except that Colon was delegated final policy making authority, and that Colon acted in the course and scope of his employment, which are denied.
6. In response to paragraph 6, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.
7. In response to paragraph 7, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.
8. In response to paragraph 8, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.
9. In response to paragraph 9, defendants admit that Plaintiff was employed with the Department from 1992-2002 and from 2008-2015, and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained therein, and on that basis deny the remaining allegations contained therein.
10. In response to paragraph 10, defendants deny each and every allegation contained therein.
11. In response to paragraph 11, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that

1 basis deny each and every allegations contained therein.

12. In response to paragraph 12, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

13. In response to paragraph 13, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

14. In response to paragraph 14, defendants deny each and every allegation contained therein.

15. In response to paragraph 15, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

16. In response to paragraph 16, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

17. In response to paragraph 17, defendants deny each and every allegation contained therein.

18. In response to paragraph 18, defendants deny each and every allegation contained therein.

19. In response to paragraph 19, defendants deny each and every allegation contained therein.

20. In response to paragraph 20, defendants deny each and every allegation contained therein.

21. In response to paragraph 21, defendants deny each and every allegation contained therein.

22. In response to paragraph 22, defendants deny each and every allegation contained therein.

23. In response to paragraph 23, defendants deny each and every allegation

contained therein.

24. In response to paragraph 24, defendants deny each and every allegation contained therein.

25. In response to paragraph 25, defendants deny each and every allegation contained therein.

26. In response to paragraph 26, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

27. In response to paragraph 27, defendants deny each and every allegation contained therein, except that Plaintiff was issued a counseling memorandum for failure to submit a competent counseling memorandum, which is admitted.

28. In response to paragraph 28, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

29. In response to paragraph 29, defendants deny each and every allegation contained therein, except that Plaintiff was placed on administrative leave and then terminated in March 2015 for inter alia, insubordination, and disparaging remarks and conduct, which are admitted.

30. In response to paragraph 30, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

31. In response to paragraph 31, defendants deny the allegation as it raises no issue of fact or law as to defendant.

32. In response to paragraph 32, defendants admit the allegations therein.

33. In response to paragraph 33, defendants deny each and every allegation contained therein.

34. In response to paragraph 34, defendants deny each and every allegation contained therein.

35. In response to paragraph 35, defendants deny each and every allegation contained therein.

36. In response to paragraph 36, defendants deny each and every allegation contained therein.

37. In response to paragraph 37, defendants deny each and every allegation contained therein.

38. In response to paragraph 38, defendants deny each and every allegation contained therein.

39. In response to paragraph 39, defendants deny the allegation as it raises no issue of fact or law as to defendant.

40. In response to paragraph 40, defendants deny the allegation as it raises no issue of fact or law as to defendant.

41. In response to paragraph 41, defendants admit the allegations therein.

42. In response to paragraph 42, defendants admit the allegations therein.

43. In response to paragraph 43, defendants admit the allegations therein.

44. In response to paragraph 44, defendants deny each and every allegation contained therein.

45. In response to paragraph 45, defendants deny each and every allegation contained therein.

46. In response to paragraph 46, defendants deny each and every allegation contained therein, except that the law provides relief, which is admitted.

47. In response to paragraph 47, defendants deny each and every allegation contained therein.

48. In response to paragraph 48, defendants deny the allegation as it raises no issue of fact or law as to defendant.

49. In response to paragraph 49, defendants admit the allegations therein.

50. In response to paragraph 50, defendants admit the allegations therein.

51. In response to paragraph 51, defendants admit the allegations therein.

52. In response to paragraph 52, defendants admit the allegations therein.

53. In response to paragraph 53, defendants admit the allegations therein.

54. In response to paragraph 54, defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis deny each and every allegations contained therein.

55. In response to paragraph 55, defendants deny each and every allegation contained therein.

56. In response to paragraph 56, defendants deny each and every allegation contained therein.

57. In response to paragraph 57, defendants deny each and every allegation contained therein.

58. In response to paragraph 58, defendants deny each and every allegation contained therein.

## FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

59. The Complaint, or any purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against the answering defendants.

## SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

60. To the extent that the Complaint, or any purported cause of action alleged therein, alleges emotional or physical injury, any such recovery is barred and preempted by the exclusivity of remedy therefore under the California Workers' Compensation Act, Labor Code §§ 3600, et seq.

//
//
//

## THIRD AFFIRMATIVE DEFENSE TO
## PLAINTIFF'S COMPLAINT AND EACH
## PURPORTED CAUSE OF ACTION THEREIN

61. The Complaint and any purported cause of action alleged therein is barred by plaintiff's failure to exhaust his administrative remedies available under the California Labor Code.

## FOURTH AFFIRMATIVE DEFENSE TO
## PLAINTIFF'S COMPLAINT AND EACH
## PURPORTED CAUSE OF ACTION THEREIN

62. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred by plaintiff's breach of his statutory obligations as an employee under the California Labor Code.

## FIFTH AFFIRMATIVE DEFENSE TO
## PLAINTIFF'S COMPLAINT AND EACH
## PURPORTED CAUSE OF ACTION THEREIN

63. Plaintiff's Complaint and any purported cause of action alleged therein, is barred by plaintiff's failure to exhaust administrative remedies available to plaintiff pursuant to the terms and conditions of plaintiff's employment.

## SIXTH AFFIRMATIVE DEFENSE TO
## PLAINTIFF'S COMPLAINT AND EACH
## PURPORTED CAUSE OF ACTION THEREIN

64. This court lacks subject matter jurisdiction over plaintiff's Complaint due to plaintiff's failure to exhaust his administrative remedies pursuant to the terms and conditions of plaintiff's employment.

//
//
//
//

## SEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

65. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the applicable statute of limitations, including but not limited to Code of Civil Procedure §§ 337, 338, 339, 340, the California Constitution, Government Code §§ 12960 and 12965, and 42 U.S.C. Section 12101 et seq.

## EIGHTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

66. Any recovery on plaintiff's Complaint, or any purported cause of action alleged therein, is barred by plaintiff's failure to comply with the claims filing requirements of the California Tort Claims Act, Government Code §§ 810 et seq., including but not limited to Government Code §§ 910, 911.2, 911.4.

## NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

67. Any and all conduct of which plaintiff complains and which is attributed to the answering defendants or its agents or employees was a just and proper exercise of management's discretion on the part of the defendants or its agents or employees and was undertaken for a fair and honest reason and regulated by good faith and probable cause under the circumstances existing at the time the alleged decisions were made.

## TENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

68. The answering defendants are immune from liability pursuant to the provisions of the California Government Code, including, but not limited to, §§ 815, 818, 815.2, 818.8, 820, 820.2, 820.6, 820.8, 821, 821.6, and 822.2.

## ELEVENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

69. A public entity and its officials are not liable for any injuries unless liability is provided by statute.

## TWELFTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

70. The liability of a public entity and its officials is subject to any immunity provided by statute and is subject to any defenses available to a private person.

## THIRTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

71. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred because the answering defendants' disputed conduct was otherwise privileged and justified.

## FOURTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

72. Any recovery on the Complaint or any purported cause of action alleged therein, is untimely and barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

73. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part by plaintiff's failure to mitigate his alleged damages.

//

//

## SIXTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

74. Plaintiff is estopped by his conduct from recovering any relief by his, or any purported cause of action alleged therein.

## SEVENTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

75. By his conduct, plaintiff has waived any right to recover any relief by his Complaint, or any purported cause of action alleged therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

76. Plaintiff has or had unclean hands with respect to the matters alleged in the Complaint, and on that ground, is barred from recovering any relief on his Complaint, or any purported cause of action alleged therein.

## NINETEENTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

77. The answering defendants have engaged attorneys to represent it in defense of plaintiff's frivolous, unfounded and unreasonable action and particularly in defense of plaintiff's frivolous, unfounded and unreasonable causes of action for violation of civil rights, race and disability discrimination, and retaliation and the answering defendants are therefore entitled to an award of reasonable attorney's fees pursuant to 42 USC § 1988.

//
//
//
//

## TWENTIETH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

78. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part by plaintiff's own comparative negligence and fault.

## TWENTY-FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

79. The answering defendants' conduct in all respects consisted of an assertion of legal rights in a legally permissible way.

## TWENTY-SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

80. If the answering defendants perpetrated any of the acts alleged in plaintiff's Complaint, and defendants in no way admits to this, the acts were undertaken without malice.

## TWENTY-THIRD AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

81. There existed legitimate, non-discriminatory reasons for these answering defendants' conduct with respect to plaintiff's employment and the other alleged acts of the answering defendants.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION THEREIN

82. The answering defendants' conduct with respect to plaintiff's employment was bona fide and for legitimate business reasons other than race, color, national origin,

11
ANSWER TO FIRST AMENDED COMPLAINT Case No. 16-cv-0645-W-KSC

ancestry, sex, religion, creed, gender, marital status, age, physical disability, medical condition, reports of illegal conduct, or any other discriminatory or unlawful reason.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE TO**

**PLAINTIFF'S COMPLAINT AND EACH**

**PURPORTED CAUSE OF ACTION THEREIN**

83. Plaintiff's injuries or damages, if any, were not proximately caused by the acts of the answering defendants.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE TO**

**PLAINTIFF'S COMPLAINT AND EACH**

**PURPORTED CAUSE OF ACTION THEREIN**

84. The answering defendants did not authorize, direct, participate in or ratify any alleged discriminatory or retaliatory conduct.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE TO**

**PLAINTIFF'S COMPLAINT AND EACH**

**PURPORTED CAUSE OF ACTION THEREIN**

85. Plaintiff's claims of discrimination and retaliation are barred because his perception of the conduct alleged to constitute discrimination and retaliation was not reasonable.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE TO**

**PLAINTIFF'S COMPLAINT AND EACH**

**PURPORTED CAUSE OF ACTION**

86. To the extent that plaintiff's claims are based on alleged verbal harassment, or other statements or communications, such claims are barred because the actions complained of were protected by the free speech provisions of the United States and the California Constitutions.

//

//

//

## TWENTY-NINTH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION

87. Plaintiff's claims are barred by his failure to exhaust his administrative remedies in a timely fashion.

## THIRTIETH AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION

88. The Complaint and the causes of action set forth therein are barred by the doctrine of collateral estoppel.

## THIRTY-FIRST AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION

89. Plaintiff's entitlement to any recovery of damages on the Complaint, or any purported cause of action alleged therein, is limited by after acquired evidence discovered during the litigation of this matter, which establishes that plaintiff engaged in misconduct, such misconduct would have justified plaintiff's discharge, and defendants would have discharged plaintiff had it known about the misconduct previously.

## THIRTY-SECOND AFFIRMATIVE DEFENSE TO PLAINTIFF'S COMPLAINT AND EACH PURPORTED CAUSE OF ACTION

90. The individual defendants are entitled to qualified immunity.

WHEREFORE, the answering defendants prays as follows:

1. That plaintiff take nothing by his Complaint;
2. That defendants recover their costs of suit herein;
3. That defendants recover reasonable attorney's fees incurred herein; and
4. That the court award such other and further relief as it deems just and proper.

//

# DEMAND FOR TRIAL BY JURY

Defendants hereby demands a jury trial on all issues raised in the Complaint.

Dated: June 6, 2016          **DECLUES, BURKETT & THOMPSON, APC**

BY: *s/Fernando A. Vicente*
     JEFFREY P. THOMPSON
     FERNANDO A. VICENTE
     Attorneys for Defendants
     CITY OF IMPERIAL and
     MIGUEL COLON